OPINION ON MOTIONS FOR REHEARING

The appellees, Seapine Corporation (Sea-pine) and the Department of Insurance (the Department), seek rehearing of this court’s decision reversing a non-final order in an action under the Insurers Rehabilitation and Liquidation Act, chapter 631, Florida Statutes (1991), in which the receivership court had denied the appellants’ motion to vacate or modify its prior injunctive order, In re Receivership of Guarantee Security Life Insurance Company, 678 So.2d 828 (Fla. 1st DCA 1996). Because the Department' filed its motion for rehearing more than fifteen days after issuance of the challenged opinion, the motion is dismissed as untimely under Florida Rule of Appellate Procedure 9.330. Seapine’s motion for rehearing is denied on the merits, with one exception.
BACKGROUND
Some of the circumstances surrounding this case are set out in this court’s opinion on motion to recall mandate, Peter v. Seapine Corporation, 678 So.2d 508 (Fla. 1st DCA 1996), which should be read in conjunction with this opinion. In 1991, the Department was appointed the receiver for Guarantee Security Life Insurance Company (GSLIC),[1] which is a wholly owned subsidiary of Trans- *831 mark USA, Inc. (Transmark), owned by Mark Sanford. Transmark also owns all the stock in Seapine, which in 1993 filed a complaint in Dade County to foreclose a multimillion-dollar loan to the appellants. As Receiver for GSLIC, the Department had obtained a temporary injunction against Sanford and Transmark, prohibiting them from disposing of or transferring any of their assets, based upon GSLIC’s alleged improper transfer of millions of dollars in property and funds to them. Sanford and Transmark apparently obtained the receivership court’s permission to pursue Seapine’s suit against the appellants.
In 1994, the appellants filed a motion to dismiss the foreclosure action, asserting that as a result of the receivership action, the Department owned the claims sought to be advanced by Seapine and was therefore the real party in interest and an indispensable party under Florida Rule of Civil Procedure 1.140(b). The Dade County Circuit Court granted what it characterized as “Defendant’s Motion to Dismiss for Failure to Join an Indispensable Party,” but allowed Seapine to amend its complaint.
The amended complaint added the Department as a party defendant and included a count asserting that the Department claimed “a contingent interest in certain assets of Sanford and Transmark, including their interest in Seapine and its claims asserted in this action.” The appellants filed a motion to dismiss, asserting that the amended complaint “does nothing to cure fatal defects found by the Court to exist with respect to the original Complaint,” that the Department “owns the claim (and any liabilities connected therewith) asserted in the name of Seapine in the Amended Complaint” and “is both the real party in interest and the only proper plaintiff in this action,” that naming the Department as a defendant “is a completely meaningless act as demonstrated by Sea-pine’s failure to request any relief as to the Department in the Amended Complaint,” and that absent an assertion of the claim by the Department as plaintiff, “this action cannot properly proceed.”
Seapine thereafter voluntarily dismissed the Dade County action and filed a complaint in Leon County nearly identical to the amended Dade County complaint, asserting that the Dade County Circuit Court had determined that the Department “is an indispensable party to an action by Seapine to foreclose upon the aforesaid debt” and that under Florida Rule of Civil Procedure 1.210, the Department was joined as a nominal defendant because it “declined to join this action as a plaintiff.” The Department then filed a “Notice of Filing, Injunction and Statutory Stay,” reciting the receivership court’s August 1991 and December 1992 orders and noting that under sections 631.031(4) and 631.041(1), Florida Statutes (1991), Seapine was enjoined from the commencement or prosecution of any action against the Department as GSLIC’s receiver and the Department was prohibited from defending legal actions brought against it without express authorization of the receivership court. When the appellants filed requests to the Department to produce documents in November 1994, the Department responded by filing a “Notice of Stay and Injunction,” referencing its notice of injunction and statutory stay and asserting that it could not respond to the request for production “as this would be a violation of the Court ordered injunction.”
*832 In the meantime, Seapine had filed in the receivership action a motion seeking an order allowing it to maintain the pending action against the Department as a “nominal defendant.” [2] The receivership court granted the motion, finding that “successful prosecution of the Seapine action is in the best interests of the receivership and that the Seapine action is likely to proceed more expeditiously if the Receiver remains as a nominal party.” The court ordered:
1. The Florida Statute 631.041 automatic stay and injunctions contained in the August 12, 1991 Order of Rehabilitation remains in full force and effect except as modified herein.
2. Seapine is authorized to continue its action in the aforesaid case with the Receiver as a nominal defendant and, to that extent, is released from the stay provisions of the orders of this Court dated August 16,1991 (sic) and December 2,1992.
8. No cross-claims or other pleadings shall be filed against the Receiver or the receivership assets, and the complaint in the Seapine action shall not be amended to seek recourse against the receivership assets, without the express authorization of this court.
4. No subpoena, request for production or inspection, interrogatories, or other discovery shall be served upon the Receiver in connection [with] Guaranty Security Life Insurance Company or its subsidiaries or assets, without the express authorization of this court.
5. The Receiver shall not be required to respond to any pleadings or discovery served upon it in connection with Guaranty Security Life Insurance Company or its subsidiaries or assets, without the express authorization of this court.
The appellants filed a motion requesting the receivership court to vacate this order and leave the automatic stay in place, asserting that the court had exceeded its statutory authority under section 631.041, which authorizes it to grant relief from an automatic stay only where the movant seeks to enforce a “judgment against the insurer or an affiliate obtained either before or after the commencement of the delinquency proceeding.” They also argued that the order deprived them of their rights to conduct discovery, “critical to their ability to establish their defenses and entitlement to affirmative relief,” asserting that the Department has possession of, and may be the sole custodian of, information “concerning Seapine, the source of its funding and the actual nature of the specific transaction giving rise to the Seapine Action.” In the alternative, they requested that the court order the Department “to respond to all pleadings and discovery requests in accordance with the Florida Rules of Civil Procedure.” After a hearing, the court denied the motion, the action challenged in this appeal.
In its opinion on appeal, this court concluded that the receivership court should have granted the appellants’ motion and should have vacated its prior injunctive order. Noting that sections 631.041(l)(a) and (b) provide that a petition for an order of rehabilitation of an insurer operates as an automatic stay prohibiting obtaining or enforcing a judgment against the insolvent insurer and that § 631.041(2) authorizes relief from the automatic stay under certain circumstances, this court concluded that Seapine’s foreclosure action against the appellants “was not seeking either to obtain or enforce a judgment against the insolvent insurer or the Receiver, but instead named the Receiver as a ‘nominal’ party in the action against the appellants as the result of unfathomable strategies practiced by the parties in a prior incarnation of the damages suit in Dade County.”[3] This court held:
... that the receivership court had no statutory authority to partially lift the automatic stay to the extent of allowing the Receiver to be named as a nominal party in the suit against appellants by Seapine, nor was it statutorily empowered to prohibit service of any discovery on the Re *833 ceiver without its express authorization. To the extent that section 631.041(4) maybe read to authorize the issuance of an injunction “to prevent interference with the department or the proceeding,” we agree with appellants that Seapine did not establish the requisite justifications for issuance of such an injunction.
The challenged order denying appellant’s motion to vacate the prior unauthorized injunctive order is therefore REVERSED and the case is REMANDED to the receivership court with instructions that appellants’ motion be granted and the prior order vacated. We recognize that this will nullify the prohibition on service of any discovery on the Receiver and will ultimately result in the Receiver being removed as a nominal party in Seapine’s action against appellants, but we do not read section 631.041(1) as prohibiting discovery properly sought from the Receiver as a non-party to the damages action.

. On August 12, 1991, the Department's petition in Leon County Circuit Court for an order of rehabilitation of, and to appoint a receiver for, GSLIC was granted. A consent order was issued appointing the Department as receiver “for Purposes of Rehabilitation, Injunction and Notice of Automatic Stay." Inter alia, it authorized the Department to take possession of all GSLIC's property, commence and maintain all necessary legal actions, and ‘‘[n]ot defend legal actions wherein Respondent or the Receiver is a party defendant, commenced either prior to or subsequent to this order, without authorization of this Court. Except, however, in actions where Respondent is a nominal party, ... and the action does not effect a claim against or adversely affect the assets of the Respondent, the Receiver may file appropriate pleadings in its discretion.” The order also enjoined “all persons, firms, corporations and associations within the jurisdiction of *831 this Court ... from the commencement or prosecution of any action against the Respondent, the Receiver, or the agents or employees of the Receiver in their representative capacities, or the obtaining of preferences, judgments, writs of attachment or garnishment or other liens ..." The Notice of Automatic Stay included in the consent order prohibited "all persons and entities, other than the Receiver," from "[t]he commencement or continuation of judicial, administrative or other action or proceeding against the insurer or an affiliate obtained either before or after the commencement of the delinquency proceeding.” On December 2, 1992, the court issued an order of "Liquidation, Injunction and Notice of Automatic Stay" which authorized the Department to "mar-shall and liquidate” GSLIC's assets. As in the prior order, it included "commence and maintain necessary legal actions” and "not defend legal actions” provisions, and enjoined “all persons, firms, corporations and associations within the jurisdiction of this Court ... from the commencement or prosecution of any actions against the Respondent or the Receiver.” It also provided that title to all property, including all rights of action, of GSLIC are vested in the Department pursuant to sections 631.111 and 631.141, Florida Statutes.

. The appellants asserted on appeal that they did not receive a copy of that motion.

. A footnote outlined the Dade County foreclosure proceedings and noted the appeal in case no. 94-3641, which was pending at the time the opinion was originally drafted.